In re Chaim **EINHORN**, Debtor.

In re **VACATION PLANNING CENTER, INC.**, Debtor.

**Bankruptcy Nos. 182–11949–260, 182–11950–260.**

United States Bankruptcy Court, E.D. New York.

Oct. 5, 1983.

Oliner & Oliner, New York City, for petitioning creditors.

Kensington, Sterba, Ressler & Taub, New York City, for debtors.

## MEMORANDUM DECISION

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

This case was commenced with the filing of separate involuntary petitions in bankruptcy against Chaim Einhorn, an individual, and Vacation Planning Center, Inc., of which Einhorn is president and sole stockholder, by three of their creditors, Pan American World Airways, British World Airways and Trans World Airways, in which it was alleged that the debtors were not paying their debts as they became due. Subsequently, orders for relief were entered on default against both debtors under Chapter 7 of the Bankruptcy Code when they failed to respond to the petitions. Those orders were ultimately vacated when it became apparent that the debtors had not been properly served with notice of the filing of the petitions. Consequently, the debtors were given additional time in which to respond. Each of the debtors then interposed answers in which they stated, with respect to each allegation in the petition, that they either lacked sufficient information to form a belief or that they declined to answer on the ground that it may tend to incriminate them.

The petitioning creditors then made motions for summary judgment with respect to the allegations contained in their petitions. These motions were denied because of failure to establish as non-triable issues the question of whether or not the debtors were paying their debts as they became due. *In re Einhorn,* 29 B.R. 966 (Bkrtcy.E. D.N.Y.1983). The parties were then directed to undertake all necessary discovery proceedings and proceed to trial. Accordingly, the debtors were directed to appear at a Rule 114 examination [1] for the purpose of establishing whether their debts were being paid as they became due, the failure to pay such debts being one of the stated grounds for granting of relief in an involuntary

---

1. Bankruptcy Rule 114 dealing with the examination of a debtor on the issue of insolvency or inability to pay debts as they mature has been superseded by Rule 1012 of the Rules of Bankruptcy Procedure which became effective on August 1, 1983 by order of the Supreme Court of the United States. Inasmuch as the within motion was heard and decided following that date, the provisions of Rule 1012 govern these proceedings.

Rule 1012 reads as follows:

*Examination of Debtor, Including Discovery, on Issue of Nonpayment of Debts in Insolvency Cases*

(e) DISCOVERY. When a petition commencing an involuntary case under Section 303 of the Code alleges that the debtor is generally not paying its debts as they become due, and the debtor denies the allegation, discovery may be in accordance with Rules 26–37, F.R.Civ.P.

(b) SANCTIONS. If the debtor fails to appear, produce records, or submit to examination or deposition, the court may enter an order for relief or other appropriate order, in addition to the sanctions available under Rule 37 F.R. Civ.P.

petition in bankruptcy. 11 U.S.C. Section 303(h).

Following this examination at which the individual debtor, Einhorn, both in his personal capacity and as an officer of the corporate debtor, Vacation Planning, invoked the Fifth Amendment privilege against self-incrimination, this Court, on August 23, 1983, entered the following orders:

1. Relief under Chapter 7 of the Bankruptcy Code was granted against Einhorn and Vacation Planning Center, Inc.

2. Both debtors were directed to file a list of creditors, schedule of assets and liabilities and a statement of financial affairs pursuant to 11 U.S.C. Section 521 on or before September 7, 1983.

3. Both debtors were directed to appear for examination pursuant to Bankruptcy Rule 2004(a) on September 14, 1983.

4. The proceedings against Einhorn and Vacation Planning were consolidated for procedural purposes only.

5. Also, on August 26, 1983 an order was entered directing the issuance of a subpoena to compel the attendance of the District Attorney of Kings County, New York at an examination on September 20, 1983 pursuant to Bankruptcy Rule 2004.

On August 26, 1983, the debtors filed notices of appeal with the district court for this district with respect to the entry of orders for relief against each of them, the order directing them to file schedules and statements, and the order directing them to appear at a Rule 2004(a) examination. On September 16, 1983 this Court entered an order pursuant to Bankruptcy Rule 8005 staying all proceedings in these cases pending the outcome of the aforementioned appeals.

This Court's decision to enter the orders in question despite Einhorn's invocation of the Fifth Amendment privilege is based on the following reasoning:

(c) OTHER PROCEDURES. The examination or discovery provided in this rule does not

■ The Fifth Amendment privilege against self-incrimination is not unrestricted. A party electing to assert that privilege must establish a proper basis for doing so. *U.S. v. Zappola*, 646 F.2d 48, 53 (2d Cir.1981). It has been held in a recent bankruptcy court decision from this circuit, *In re Candor Diamond Corp.*, 21 B.R. 147 (Bkrtcy.S.D.N.Y.1982), that "the production of books and records kept in a representative rather than a personal capacity are clearly without the scope of privilege against self-incrimination." at 153. The fact that the production of such books and records might tend to incriminate one acting in a representative capacity personally is immaterial. *See, U.S. v. White*, 322 U.S. 694, 689, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944). At least one authority is of the opinion that all requests for books and records, even those of an individual, are outside the scope of the Fifth Amendment privilege. *See, Kurland, A Debtors' Prism: Immunity for Bankrupts Under the Bankruptcy Reform Act of 1978 (Part II).* 55 Am.Bank.L.J. 195, 209–213 (1981). This Court concurs with that view.

■ In *Candor*, the court entered a default judgment against the debtor when an officer of the debtor invoked the Fifth Amendment privilege and refused to produce the debtor's books and records. Mr. Einhorn's refusal to testify should not be treated differently with respect to his own status as an individual debtor or in his capacity as a representative of the corporate debtor, Vacation Planning. His failure to provide information at the Rule 1012 examination based on the Fifth Amendment privilege was without justification since he had not established a proper basis for the exercise of that privilege. His unwillingness to provide oral testimony was the functional equivalent of a refusal to produce books and records, since the information sought by the creditors at the examination was that which presumably could have been found in those documents. Accordingly, this Court had the authority to impose appropriate sanctions pursuant to Rule 1012(b) which states:

preclude the procedures available under Rule 2004.

If the debtor fails to appear, produce records, or *submit to examination* or deposition, the court may enter an order for relief or other appropriate order, in addition to the sanctions available under Rule 37 F.R.Civ.P. (emphasis added).

The obvious purpose of this rule is to provide the bankruptcy court with a vehicle for providing appropriate relief for creditors faced with uncooperative debtors who seek to avoid the mandates of the Bankruptcy Code. In the absence of such sanctions debtors confronted with involuntary petitions could simply refuse to submit to examination, for whatever reason, and effectively thwart any attempt to force them into involuntary bankruptcy.

The entry of orders for relief along with the other aforementioned orders were in the opinion of this Court consistent with the provisions of the above Rules and the limits of the Fifth Amendment privilege.