In the Matter of Barry L. JANOFF, Debtor.

Barry L. JANOFF, Plaintiff

v.

Veronica JANOFF a/k/a Veronica Zobian.

Bankruptcy No. 83–0234.

United States Bankruptcy Court, D. New Jersey.

Oct. 29, 1985.

James Masterson, Kleinberg, Moroney, Masterson & Schachter, Millburn, N.J., for Veronica Janoff.

Donald Devin, Budd Lake, N.J., for debtor, Barry Janoff.

OPINION and ORDER

D. JOSEPH DeVITO, Bankruptcy Judge.

Barry L. Janoff, plaintiff/debtor, moves for summary judgment to compel the sale of the house he owns as a tenant in common with Veronica Janoff, a/k/a Veronica Zobian, plaintiff's ex-wife, the defendant in this adversary proceeding. The defendant answers by moving to dismiss the plaintiff's count seeking sale of the house.

Plaintiff contends that, pursuant to the provisions of 11 U.S.C. § 1303, he, as a debtor, is authorized to sell the property pursuant to 11 U.S.C. § 363[h]. In the alternative, the plaintiff contends that not only may the trustee in bankruptcy, with or without the plaintiff's aid, cause the house to be sold via § 363[h], but that the trustee so desires. Furthermore, the plaintiff claims that, at the instruction of this Court, he had a proposed stipulation with respect to the issues regarding the sale of the house sent to counsel for the defendant, and that no response has been received. By so claiming, the plaintiff appears to be implying that his version of the facts in the proposed stipulation should be accepted by the Court.

The defendant contends that § 1303 does not authorize a debtor to use § 363[h]. The defendant also argues that not even

the trustee can use § 363[h] in this situation, since § 363[h][3] requires the benefit to the estate to outweigh the detriment to the defendant, and that such a conclusion is not warranted by the facts before the Court. The defendant makes no reference to any proposed stipulation.

Rule 56 of the Federal Rules of Civil Procedure governs the law of summary judgment, and is made applicable to adversary proceedings in bankruptcy by Rule 7056 of the Bankruptcy Rules. It is also instructive to recognize that the granting of summary judgment functionally denies a party his or her day in court. This is obviously an extreme result and one which must, therefore, be reached only in appropriately extreme situations. *Tomalewski v. State Farm Life Insurance Co.*, 494 F.2d 882, 884 (3d Cir.1974). (Summary judgment is a "drastic remedy" not to be granted where the "slightest doubt" exists as to the facts.) As such, the case law is clear and concise and has been recently summarized by the Third Circuit.

> [A] trial court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We have characterized summary judgment as a "drastic remedy", and have made clear "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Ness v. Marshall*, 660 F.2d 517 at 519 (3d Cir.1981) (quoting *Tomalewski v. State Farm Life Insurance Co.*, 494 F.2d 882, 884 (3d Cir.1974)). Moreover, "[i]nferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

*Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981).

In the instant matter, the plaintiff/debtor has not demonstrated that he is entitled to judgment as a matter of law. The Bankruptcy Code has a specific four-prong test to be met when petitioning for the sale of property held by tenants in common, joint tenants, or tenants by the entirety. 11 U.S.C. § 363[h]. This test permits sale of such property only if:

> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

11 U.S.C. § 363[h].

The pleadings of the plaintiff/debtor fail to address the requisites of the Code. Absent a showing of entitlement under § 363[h], plaintiff/debtor's motion for summary judgment must fail.

As to the defendant's assertion that § 1303 may not be utilized by a debtor, the legislative history leads to a contrary conclusion. The Senate Report on the Bankruptcy Code of 1978 states explicitly that the "Chapter 13 debtor is vested with the identical rights and powers" as those of a trustee by virtue of § 363[h] of title 11. S.Rep. No. 95–989, 95th Cong.2d Sess. 140, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5926. 9 Bkr-L Ed. 175. It necessarily follows that the debtor may sell property pursuant to § 363[h] only if the tests of the above Code provisions are met.

Because of the failure of the plaintiff to meet those tests, his motion for summary judgment and the defendant's motion to

dismiss plaintiff's count seeking sale of the house are denied.

It is so ordered.