In the Matter of Edward S. CHRISTIAN and Diane C. Christian, Debtors.

COLUMBIA SAVINGS & LOAN ASSOCIATION, Plaintiff,

v.

Edward S. CHRISTIAN, a/k/a E. Spencer Christian, and Diane C. Christian, Defendants.

Bankruptcy No. 85–0028.

United States Bankruptcy Court, D. New Jersey.

Dec. 5, 1985.

Sills, Beck, Cummis, Zuckerman, Radin, Tischman & Epstein by Robert A. Baime, Newark, N.J., for debtors.

Morrison & Morrison, by Gloria B. Cherry, Hackensack. N.J., for Columbia Sav. & Loan Assn.

OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The Court considers herein the above named defendants' motion for summary judgment in the above captioned adversary proceeding. For the reasons set forth below, the Court denies the motion.

On November 26, 1984, the above defendants filed a joint petition in bankruptcy pursuant to the provisions of Chapter 7 of the Bankruptcy Code, in which a debt owing to the plaintiff in the sum of $125,000 was listed. Plaintiff initiated the above captioned adversary proceeding by way of a complaint filed on January 18, 1985, wherein it is alleged that, in the early part of 1984, plaintiff Columbia Savings & Loan Association loaned to the defendants the sum of $125,000. Said loan was secured by a third mortgage on the defendants' personal residence. Plaintiff alleges that the defendants specifically represented that the borrowed funds were to be used to satisfy a substantial federal income tax liability, resulting from the disallowance of certain deductions taken on the defendants' tax returns. Despite these representations, defendants utilized the loan proceeds for other purposes. In the main, they were applied to numerous debts, only a part of which represented the tax deficiency.

Plaintiff seeks a determination by this Court finding the $125,000 debt to be nondischargeable, pursuant to § 523 of the Bankruptcy Code. Causes of action are made out in the complaint under § 523[a][2][A] and § 523[a][2][B]. The first subsection prohibits the discharge of a debt obtained by false pretenses, false representations, or actual fraud. The latter provision denies a discharge where a debt is obtained by use of a false written statement. As to its proofs, plaintiff offers two items—an affidavit of Stephen E. Nix, a commercial loan officer of the plaintiff, who personally negotiated the loan in question. Nix testified to the defendants' rep-

resentation that the loan proceeds would be utilized to pay a debt due the Internal Revenue Service. The second item of proof consists of loan documents executed by the parties, one being a letter from the plaintiff bearing the signature of plaintiff's Director of Commercial Lending and the signatures of the defendants, which letter states that subject loan is being made for the express purpose of paying the federal taxes owing by the defendants.

In response to the complaint, defendants have moved for summary judgment alleging, in support, that plaintiff has presented no credible evidence in support of its claims under § 523 of the Code and, further, that there is no genuine issue of material fact to be decided and that they are, therefore, entitled to judgment as a matter of law.

The heart of the matter is the controversy surrounding the negotiated purpose of the loan. On that issue, the affidavit of plaintiff's officer and the loan documents are in direct conflict with the statements attributed to the defendants, and present a genuine issue of material fact.

Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7056 are limited to situations where no issues of material fact are present. If a material issue is present, summary judgment cannot be granted. This position has been enunciated repeatedly by this Court. Reference is made to the opinions rendered in *Good Time Charley's Inc. v. Zindell (In re Good Time Charley's, Inc.)*, No. 82–0274, slip op. at 2–3 (D.N.J. Dec. 1, 1982) and, more recently, in *Janoff v. Janoff (In re Barry Janoff)*, 54 B.R. 741, 742 (D.N.J.1985).

As to the question of credible evidence, as raised by the defendants, the Nix affidavit and the loan documents constitute, in this Court's opinion, credible evidence establishing a *prima facie* case. The motion for summary judgment is denied.

We need not dwell at length on the defendants' demand for attorney's fees and costs entailed in these proceedings. Defendants' counsel, in bringing on a motion so lacking in merit on the facts and law, is not entitled to the fees applied for.

An order denying the motion for summary judgment and, further, denying the right of defendants' counsel to attorney's fees shall be submitted.