**In re Paul TIPPLE and Darlene Tipple, Debtors.**

**SEARS, ROEBUCK & COMPANY, Plaintiff,**

v.

**Darlene Francis TIPPLE, Defendant.**

**Bankruptcy No. 87–0070.**
**Related Case No. 87–00127.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 25, 1987.

John C. Intagliata, Toledo, Ohio, for plaintiff.

Gary L. Howe, Toledo, Ohio, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Motion for Summary Judgment with Sup-

porting Memorandum filed by Sears, Roebuck & Company. The Defendant has not filed any response to Plaintiff's Motion for Summary Judgment. The Court has reviewed the Motion and Memorandum, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be Granted.

## FACTS

The Debtors filed their Chapter 7 petition on January 23, 1987. The Plaintiff, Sears, has provided the Court with copies of a "Memoranda Card" dated January 21, 1987. On the left half of the card, Darlene Tipple has written, "I am now responsible for this account. My x-Husband is signing it over to me." The right side of the card appears to have been signed by Dave A. Trumbull. It states, "I, Dave A. Trumbull give authorization to transfer the amount *only* on above account to Darlene Tipple. I am not transferring charging privileges just amount." The Plaintiff has also provided a "Transfer Agreement" dated January 24, 1987, transferring the account balance to Darlene Tipple.

Plaintiff's Complaint reads as follows:

1. Plaintiff is the holder of a claim against the debtor for the sum of $580.64.

2. This Court has jurisdiction over this adversary proceeding pursuant 28 U.S.C. Section 1471 and 11 U.S.C. Section 523 and pursuant to defendants filing, on January 23, 1987 a petition under 11 U.S. C. Chapter 7.

3. Defendant's ex-husband was indebted to Plaintiff in the sum of $580.64 on account no. 70–87259–91872-0. On January 21, 1987, Defendant induced Plaintiff to release her ex-husband from the debt by assuming responsibility for said debt. Two days later, on or about January 23, 1987, Defendant filed her petition in bankruptcy, listing Plaintiff as a creditor therein. Defendant induced Plaintiff to release her ex-husband from the debt by false pretense, or alternatively, actual fraud, in that in contemplation of filing this case she assumed responsibility for her ex-husband's debt to Plaintiff.

4. There is now due and owing by the Defendant the sum of $580.64 plus interest thereon at the rate of 1.66% per month.

The Defendant's Answer admits the allegations contained in paragraphs one (1) two (2), and four (4) of Plaintiff's Complaint. The Defendant also admits the allegations in paragraph three (3), but denies that those actions constitute actual fraud or false pretense. The Defendant raised no affirmative defenses.

A review of Defendant's Petition reflects that in response to question 15(b) on the Statement of Financial Affairs for Debtor Not Engaged in Business, the Debtors stated that they paid $15.00 to their attorney for a bankruptcy consultation on December 16, 1986.

## LAW

Summary Judgment is properly granted when the Movant can demonstrate that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See*, Bankruptcy Rule 7056 and Fed.R.Civ.P. 56. However, Movant must be able to demonstrate all the elements of a cause of action in order to prevail. *In re Hartwig Poultry, Inc.*, 57 B.R. 549, 551 (Bankr.N.D.Ohio 1986). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the motion. *In re Weitzel*, 72 B.R. 253 (Bankr.N.D.Ohio 1987).

The Plaintiff seeks to have the Defendant's obligation declared to be nondischargeable under 11 U.S.C. § 523(a)(2) which states in pertinent part:

§ 523. Exceptions to discharge

(a) A discharge under section 727, ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a state-

ment respecting the debtor's or an insider's financial condition;

The exceptions to discharge relating to fraud set forth in 11 U.S.C. § 523 must be proven by clear and convincing evidence. *Knoxville Teachers Credit Union v. Parkey,* 790 F.2d 490, 491 (6th Cir.1986).

In order to demonstrate fraud or a false pretense for purposes of 11 U.S.C. § 523(a)(2), a plaintiff must prove: 1) that the defendant made a representation, 2) that the representation was false, 3) that the representation was made with the intent to deceive, 4) that the plaintiff reasonably relied on the representation, and 5) that a loss was sustained as a result of the reliance. *In re Havel,* 72 B.R. 264 (Bankr. N.D.Ohio 1987). It appears to be axiomatic that the undertaking of a monetary obligation without the intent to repay it, is fraud. The intent to deceive may be inferred from the circumstances of the case, or Debtor's conduct. *In re Icsman,* 64 B.R. 58 (Bankr.N.D.Ohio).

In the present case, the Debtor wrote "I am now responsible for this account". This written statement clearly connotes an intent to pay the account. That is the plain meaning of the statement, and it is also the meaning which must be inferred from the circumstances of an assignment of an account. The Debtor signed the statement five weeks after a bankruptcy consultation, and two days before the signing and filing of a Chapter 7 Petition. The Court notes that collecting the information required to fill out a petition requires a certain amount of time and advance preparation. The Court also notes that the assigned account was in the name of the Debtor's ex-husband, and that the Debtor had remarried. The Debtor neither raised no affirmative defenses in her answer nor has she responded in any way to the Plaintiff's Motion for Summary Judgment.

The Court recognizes that Summary Judgment is not typically granted against the Debtor under 523(a)(2). In most cases there are questions of fact which must be resolved by way of a Hearing. However, in this case it does not appear that the Debtor could present any evidence, not encompassed in an affirmative defense, which would alter the only reasonable inference to be drawn from the facts admitted to in the Defendant's Answer. Clearly, the Defendant induced Sears to assign the account balance to her with no intention to repay the amount owed. Such an act amounts to both "false pretenses" and "fraud" under the Bankruptcy Code. *See In re Wilson,* 32 B.R. 772 (Bankr.E.D. Tenn.1983) (credit card purchases without intent to repay).

The only other point that warrants discussion is the reasonableness of the reliance. Prior to the Sixth Circuit decision in *Phillips,* the issue of whether Sears, Roebuck's reliance was reasonable would have been a difficult question for the Court to resolve. The actions of Sears in this case may very well have been commercially unreasonable. However, the Sixth Circuit has adopted an "actual reliance" test for both § 523(a)(2)(A) and § 523(a)(2)(B). *See In re Phillips,* 804 F.2d 930, 932–933 (6th Cir.1986); *Knoxville Teachers Credit Union v. Parkey,* 790 F.2d 490 (6th Cir.1986). Consequently, there being no allegation that Sears did not rely on the statement of the Defendant, and Sears apparently allowing assignments of account balances often enough to have a standard form for just that purpose, it does not appear that the Defendant could successfully argue that Sears did not actually rely on her statements, or that Sears acted so unreasonably as to not have actually relied.

Therefore, the Court finds that the Defendant did knowingly make false representations, that they were made with intent to deceive, and that the Plaintiff did rely on those representations. As a result, a loss was sustained by the Plaintiff.

Accordingly, the Debtor having caused the assignment of her ex-husband's account to her name without the intent to repay it, and such an act constituting "false pretenses" and "fraud" under § 523(a)(2), it is

ORDERED that the amount of Five Hundred and Eighty Dollars and Sixty-four

cents ($580.64) plus interest at the rate of 1.666% per month is Nondischargeable.