**In re Roy G. HORRIDGE and Jillie Jacorro a/k/a Jillie Horridge, Debtors.**

**Layton and Nell HAZELIP, Plaintiffs,**

v.

**Roy G. HORRIDGE and Jillie Jacorro a/k/a Jillie Horridge, Defendants.**

**Civ. A. No. H-90-2930.
Bankruptcy No. 88-08849-H4-7.
Adv. No. 88-0939.**

United States District Court,
S.D. Texas,
Houston Division.

March 20, 1991.

F. Dean Armstrong, Law Offices of F. Dean Armstrong, Flossmoor, Ill., for plaintiffs.

Joseph M. Hill, Cage Hill & Niehaus, Houston, Tex., for defendants, debtors.

## MEMORANDUM AND ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is Plaintiffs' motion for summary judgment. Plaintiffs request the Court to deny Defendant debtors, Roy and Jillie Horridge, discharge in bankruptcy for failure to satisfactorily explain a material decline in assets prior to the filing of their petition. The Court has reviewed the pleadings and heard arguments of counsel. After careful consideration of the summary judgment evidence, this Court holds that Defendant debtors failed to comply with the requirements of 11 U.S.C. § 727(a)(5) and, accordingly, are denied discharge.

*Statement of the Case*

Defendant debtors filed for bankruptcy in California in March 1988. Plaintiffs are holders of a money judgment entered in October 1987 for $3,504,041.00. Plaintiffs obtained their judgment in a suit filed in 1984.

In pretrial discovery and during the course of the trial of Plaintiffs' suit, Roy

Horridge provided personal financial statements to the Plaintiffs. In a financial statement signed and dated October 31, 1986, Horridge showed total assets of $3,583,298.00 and a net worth of $3,401,-205.00. Prior to that time, in a signed financial statement dated September 1, 1985, Horridge showed a net worth of $3,317,701.00. Within one month of the October 1986 financial statement the trial court, where Plaintiffs' suit was filed, issued an injunction restricting Horridge from transferring his assets.

On April 1, 1988, the debtors submitted a Statement of Affairs to the bankruptcy court showing total assets of $41,004.00. Total assets had dropped over $3.5 million during the seventeen months prior to filing of the bankruptcy petition. On June 27, 1988, this adversary complaint was filed by Plaintiffs against Defendants under 11 U.S.C. §§ 553 and 727. On November 1, 1988, Defendants' California bankruptcy matters were transferred to the Southern District of Texas, Houston Division.

At Roy Horridge's April 24, 1989 deposition, he took the fifth amendment and refused to answer questions about his financial transactions. Since that time, Defendant debtors have made no attempt to provide information concerning the drop in assets.

*Summary Judgment*

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The material facts are not disputed. Defendants do not contest the authenticity of the financial statements submitted with Plaintiffs' affidavits. They argue instead that by invoking the privilege against self-incrimination, under § 727(a)(6)(B) they are relieved of any affirmative duties under § 727(a)(5).

Under § 727(a)(5), Plaintiffs must make a *prima facie* case by showing Defendants had a sudden and drastic loss of assets just prior to the filing of bankruptcy. The financial statement of 1986 and the Statement of Affairs presented by Plaintiffs have satisfied this requirement. Accordingly, the burden of going forward with the

evidence to explain satisfactorily any loss of assets shifted to Defendants. *Matter of Reed*, 700 F.2d 986, 992 (5th Cir.1983). Defendants have failed to provide any explanation as to their severe reduction in assets.

The concept behind § 727 is that a bankruptcy discharge is not a matter of right but rather a statutory privilege afforded a debtor who meets certain requirements. Each provision of 11 U.S.C. § 727 specifies separate reasons for denying a discharge to the debtor who has committed certain wrongdoings in connection with his bankruptcy filing. *In re Powers*, 112 B.R. 184, 189 (Bkrtcy.S.D.Tex.1989). According to Section 727(a)(5), the failure by Defendants to render any explanation as to the loss of their assets constitutes sufficient grounds for this Court to deny discharge.

Defendants contend that by invoking the privilege against self-incrimination under § 727(a)(6)(B), they may shift the burden back to the Plaintiffs. In addition, Defendants assert that Plaintiffs must seek a grant of immunity from an unspecified U.S. Attorney before being required to testify. Defendants further state that the Court should not penalize them for exercise of the claim of privilege. However, the provisions of § 727(a)(6)(B) form separate requirements.

Plaintiffs do not rely solely on Defendants' constitutionally protected silence. Instead they ask that the Court accept their summary judgment evidence and draw an adverse inference from Defendants' refusal to testify. *Chase Manhattan Bank, N.A. v. Frenville*, 67 B.R. 858, 862 (Bkrtcy.D.N.J.1986). This procedure is proper in civil matters. *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). If Defendants procedure were applied a debtor could seek relief by way of discharge of all debts and at the same time refuse to perform the acts which the Code specifies "as necessary to justify the relief which he seeks." *Frenville, supra.* Section 727(a)(5) would be meaningless if debtors could dispose of their assets prior to the filing of bankruptcy and then withhold all information from creditors by asserting

a claim of privilege. The provisions of § 727 were not meant to create this imbalance.

For the reasons stated above it is therefore

ORDERED that the motion for summary judgment urged by Nell Hazelip and the estate of Layton Hazelip is GRANTED. It is further

ORDERED that Defendant debtors Roy G. Horridge and Jillie Jacorro Horridge are not entitled to a discharge of their lawful debts under the provisions of 11 U.S.C. § 727(a)(5).