**In the Matter of Donald METZGAR and Alice Metzgar, Debtors.**

**RAYMOND JAMES & ASSOCIATES, INC., Plaintiff,**

v.

**Donald J. METZGAR and Alice L. Metzgar, Defendants.**

**Bankruptcy No. 90–8176–8B7.
Adv. No. 90–642.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 22, 1991.

---

John D. Emmanuel, Tampa, Fla., for plaintiff.

James Heptner, Tampa, Fla., for defendants.

Charles L. Weissing, Tampa, Fla., trustee.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon Plaintiff Raymond James & Associates, Inc.'s Motion for Summary Judgment on the Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6). The Court reviewed the Motion, the affidavit in support of Plaintiff's Motion, the transcript of the § 341 Meeting of Creditors and the record, heard argument of Counsel, and finds the relevant facts as follows:

1. On August 21, 1990, Debtors, Donald and Alice Metzgar, filed for relief under Chapter 7 of the Bankruptcy Code. On November 16, 1990, the Court entered an Order converting the case to Chapter 11. Subsequently, on December 6, 1990, the Court converted the Chapter 11 back to Chapter 7.

2. Plaintiff is a security brokerage firm qualified to do business in Florida. On March 21, 1990, Debtors opened a joint margin account with Plaintiff by signing a Customer Agreement. This account al-

lowed Debtors to write checks in the form of an "Elite" account. Checks could also be drawn directly on the joint margin account at the direction of Debtors.

3. In May 1990, Debtors deposited three separate checks into their joint margin account in the total amount of $1,425,000. All three checks were payable to Plaintiff.

4. Debtors wrote 13 checks totaling $190,825.83 on the "Elite" account. Plaintiff paid these checks. Also at this time, Debtors directed that four checks totaling $153,967.90 be drawn directly on the joint margin account. Plaintiff paid these checks. In addition, Debtors made cash withdrawals and purchases totaling $20,554.51 with their "Elite" debit card.

5. Subsequently, NCNB National Bank notified Plaintiff that payment on the three original checks deposited into the joint margin account was declined on the grounds of fraud. Thereafter, Plaintiff directed Debtors to stop using checks, credit cards, debit cards and funds from the "Elite" account.

6. Plaintiff's investigation revealed the three original checks deposited into the joint margin account were written on a Visa account. At the time these checks were written, Debtors' credit limit on the Visa account was $300 and Debtors knew the limit was $300.

7. Plaintiff alleges when Debtors opened the joint margin account, they told Plaintiff they were to receive a settlement in a lawsuit in an amount over $1,000,000. Plaintiff alleges this was a false statement since Debtors knew the settlement was in the range of $100,000.

8. On November 19, 1990, Plaintiff filed the present adversary complaint. Plaintiff seeks a determination that the debts owed to it by Debtors are excepted from discharge based on false pretenses, false representation, and actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A); publication of an intentional materially false application regarding Debtors' financial condition upon which Plaintiff relied pursuant to 11 U.S.C. § 523(a)(2)(B); embezzlement or larceny pursuant to 11 U.S.C. § 523(a)(4); and willful and malicious injury to Plaintiff and its property pursuant to 11 U.S.C. § 523(a)(6).

9. On December 20, 1990, Debtors filed their answer to the Complaint. They denied every allegation except they admitted for jurisdictional purposes that they were residents of Pinellas County.

10. The § 341 Meeting of Creditors (341 Meeting) was scheduled and rescheduled six times because Debtors and their attorney failed to appear at the proceedings. Debtors and their attorney appeared at the 341 Meeting rescheduled for January 25, 1991. However, on the advice of their criminal law attorney, Debtors refused to answer any questions except their names. In response to the questions posed at the 341 Meeting, they asserted their Fifth Amendment privilege under the United States Constitution: right against self-incrimination. The 341 Meeting lasted 26 minutes.

11. Pursuant to this Court's Pretrial Order entered on January 4, 1991, Plaintiff filed a Motion for Summary Judgment, an Affidavit in Support of Plaintiff's Motion for Summary Judgment with exhibits attached, the transcript from the 341 Meeting held on January 25, 1991 and a Pretrial Statement. Debtors failed to file anything in response to Plaintiff's Motion for Summary Judgment and failed to comply with this Court's Pretrial Order.

12. After reviewing Plaintiff's pleadings and exhibits, the Court finds Plaintiff established a prima facie case in support of its allegations. *Chase Manhattan Bank, N.A. v. Frenville (In re Chase Manhattan Bank, N.A.)*, 67 B.R. 858 (Bankr.D.N.J. 1986).

13. At the Pretrial Hearing, this Court took Plaintiff's Motion for Summary Judgment under advisement and directed the parties to file briefs specifically addressing the effect of Debtors' invoking their Fifth Amendment privilege in this action. Plaintiff timely filed its memorandum of law. Once again, Debtors failed to file anything.

## DISCUSSION

Summary judgment shall be entered if the evidence shows there is no genuine issue of material fact in dispute

and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), Bankruptcy Rule 7056(c). The movant has the burden to show evidence to the Court that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). This evidence can include affidavits, admissions, answers to interrogatories, or depositions. *See generally* 10A Wright, Miller & Kane, *Federal Practice and Procedure*, § 2721 (2d ed. 1983). Whenever the movant files an affidavit, the opponent must do likewise, or summary judgment, if appropriate, will be rendered against him. *Id.* at §§ 2719, 2739; Fed.R.Civ.P. 56(e). The rule itself requires a response. *Chase Manhattan Bank, N.A.*, 67 B.R. at 860, *citing Steaks Unlimited, Inc. v. Deaner*, 623 F.2d 264, 276 (3d Cir.1980).

█ Fed.R.Civ.P. 56(f) creates an exception to this rule. It provides

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f); Bankruptcy Rule 7056(f). Thus, the Court may deny summary judgment if Debtors establish by affidavit their assertion of the Fifth Amendment privilege against self-incrimination is justified and appropriate in this matter. *Chase Manhattan Bank, N.A.*, 67 B.R. at 860.

█ To properly invoke the Fifth Amendment privilege, Debtors must produce, for the Court, credible reasons why their answers would tend to incriminate them. *Scarfia v. Holiday Bank*, No. 89–1309–CIV–T–13C at 6 (M.D.Fla. March 14, 1990) (unpublished opinion),[1] *citing In re Connelly*, 59 B.R. 421, 434–35 (Bankr.N.D. Ill.1986); *In re Einhorn*, 33 B.R. 665, 667 (Bankr.E.D.N.Y.1983), *citing United States v. Zappola*, 646 F.2d 48, 53 (2d Cir.1981), *cert. denied*, 459 U.S. 866, 103 S.Ct. 145, 74 L.Ed.2d 122 (1982).

While a debtor is entitled to invoke his fifth amendment right to refuse responses in a bankruptcy proceeding, *In re Hulon*, [92 B.R. 670, 673 (Bankr.N.D. Tex.1988) ], a discharge in bankruptcy is neither an inherent nor a constitutional right. *In re McDonald*, 25 B.R. 186, 189 ( [Bankr.N.D.Ohio 1982] ); *In re Save More Foods, Inc.*, 96 B.R. 1 (D.D.C.1989); and *In re Connelly*, 59 B.R. at 448. The bankruptcy court can dismiss, *sua sponte*, a petition that cannot be administered due to a debtor's refusal to provide information. (footnote omitted). *Id.* at 447–48. Requiring him to choose between the benefits of discharge and the costs of self-incrimination does not necessitate forfeiture of one constitutional right to secure another since only the latter stems from the Constitution. *Id.* at 448. A debtor seeking relief from his obligations pursuant to the Bankruptcy Code and in a Bankruptcy Court does so willingly and voluntarily and is not entitled to as much consideration in being compelled to testify as would be another witness who had no interest in the proceeding. *See In re Larkham*, 24 B.R. 70, 72 ( [Bankr.D.Vt.1982] ).

*Scarfia* at 7–8.

Debtors' refusal to testify may not be transformed into an assertion of innocence. *Chrysler Capital Corp. v. Salzman (In re Salzman)*, 61 B.R. 878, 890 (Bankr.S.D.N. Y.1986). Moreover, when a debtor refuses to testify, the court may draw an adverse inference from his invocation of the privilege against self-incrimination. *Id.* at 890; *Chase Manhattan Bank, N.A.*, 67 B.R. at 862.

---

1. The District Court affirmed this Court's opinion, *Holiday Bank v. Scarfia (In re Scarfia)*, 104 B.R. 462 (Bankr.M.D.Fla.1989).

As stated before, Debtors failed to file any documents establishing whether the invocation of the Fifth Amendment is justified and any evidence refuting Plaintiff's Motion for Summary Judgment. Therefore, this Court finds Debtors did not properly assert their Fifth Amendment privilege, no genuine issue of material fact exists and summary judgment should be entered against Debtors and in favor of Plaintiff as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Plaintiff's Motion for Summary Judgment is granted and the debt is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6). A separate final judgment will be entered pursuant to Bankruptcy Rule 9021.

DONE AND ORDERED.