KRUPANSKY, Circuit Judge.
Appellant Knoxville Teachers Credit Union (KTCU or plaintiff), plaintiff in the bankruptcy court and in the district court below, appealed the judgment of the district court which affirmed the bankruptcy court’s decision that denied plaintiff's petition to have its debt determined to be ex *491 cepted from a final discharge under 11 U.S.C. § 523(a)(2)(B). The record disclosed that on April 19, 1983, defendant Sylvia Rochelle Parkey (defendant) signed a promissory note in favor of plaintiff evidencing a loan in the amount of $6,999.97. The loan was conditioned upon a certification and full disclosure of the debtor’s outstanding financial obligations. Defendant certified and disclosed a single liability in the amount of $140.00. Evidence at trial developed that the defendant had misrepresented her outstanding financial obligations on the date of the loan and that on that date her other liabilities aggregated $4,309.12:
Heights Finance Company $2,772.00
Chesterfield Finance Company 174.00
Acme Finance Company 120.00
Knoxville Teachers League Federal Credit Union 854.12
Internal Revenue Service 389.00
$4,309.12
Within five months of the loan, on September 20, 1983, the defendant filed a voluntary petition in bankruptcy. Plaintiff seasonably filed an adversary proceeding seeking to except its loan from a discharge in bankruptcy, alleging that the loan was induced by a materially false financial statement within the meaning of 11 U.S.C. § 523, which reads in pertinent part as follows:
§ 523. Exceptions to discharge
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
******
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
******
(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor’s or an insider’s financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv)that the debtor caused to be made or published with intent to deceive;
******
11 U.S.C. § 523(a)(2)(B).
The bankruptcy court rejected plaintiff’s argument and refused to except from discharge defendant’s debt owed to plaintiff. In his decision, the bankruptcy judge reasoned that plaintiff failed to prove that defendant intended to deceive plaintiff in misrepresenting her financial condition and failed to prove that plaintiff KTCU had reasonably relied upon the financial representations certified by the debtor as a condition for the loan. The district court affirmed the bankruptcy court’s decision. Plaintiff timely appealed, charging that the decisions of both the bankruptcy court and the district court were clearly erroneous and that the instant debt was properly excepted from a discharge in bankruptcy under § 523.
The party seeking an exception from discharge in bankruptcy under § 523(a)(2) has the burden of proof on the issue by clear and convincing evidence. In re Martin, 761 F.2d 1163, 1165 (6th Cir.1985). See generally 3 Collier on Bankruptcy ¶ 523.09 (15th ed. 1985). Additionally, the bankruptcy judge’s factual findings in such a context are properly subject to a clearly erroneous standard of review by this court. Martin, 761 F.2d at 1165-66. With the foregoing principles in mind, this court examines plaintiff’s arguments seri-atim.
This circuit in In re Martin, supra has recently had occasion to interpret both of the elements of a § 523 exception to discharge placed in issue by the instant record. With respect to the necessary element of intent to deceive, the Martin court noted:
The standard ... is that if the debtor either intended to deceive the Bank or acted with gross recklessness, full discharge will be denied.... That is, the debtor must have been under some duty to provide the creditor with his financial *492 statement; but full discharge may be disallowed if the debtor either intended the statement to be false, or the statement was grossly reckless as to its truth.
Id. at 1167 (citations omitted). In Martin, the bankruptcy court inferred an intent to deceive on the part of a debtor where in a financial statement to the lender he misrepresented that his assets exceeded his liabilities by a 2 to 1 margin, when in fact the debtor’s liabilities exceeded his assets by a 3 to 1 ratio. Id. The Martin court agreed and explained that: “[The debtor] intentionally communicated the false statement to the Bank with the expectation that the Bank would rely on it, and he cannot now be heard to say that he did not intend the Bank to continue this reliance.” Id.[1]
In the case at bar, defendant’s misrepresentation of her liabilities by $4,309.12 was a significant, if not critical, misrepresentation of her foundering financial position which culminated in her seeking voluntary bankruptcy within five months of the date of the loan. At a minimum, defendant’s omissions were grossly reckless, which grossly reckless conduct satisfied the element of intentional deception embodied in the statute. Like the debtor in Martin, defendant here intentionally communicated the false statement to plaintiff KTCU with the expectation that plaintiff would rely upon it and grant the loan.
The second element placed in contention on the record sub judice is whether plaintiff reasonably relied on defendant’s materially false disclosures. This circuit in Martin recently elaborated on the reasonable reliance aspect of § 523 and noted that the reasonableness requirement was intended to incorporate prior case law into the current Bankruptcy Act. 761 F.2d at 1166. “As such, it cannot be said to be a rigorous requirement, but rather is directed at creditors acting in bad faith.” Id. (citing In re Garman, 643 F.2d 1252, 1256 (7th Cir.1980), cert. denied, 450 U.S. 910, 101 S.Ct. 1347, 67 L.Ed.2d 333 (1981)).[2] The determination of reasonableness is to be made by evaluating all the facts and circumstances of the case. Martin, 761 F.2d at 1166.
In light of the criteria enunciated in Martin, this court concludes from the facts developed by the evidence in the case at bar that plaintiff reasonably relied upon defendant’s false financial representations. The credit manager of KTCU testified that a significant factor upon which he relied in approving the instant loan was the false debt disclosure statement certified by defendant in her application. Moreover, as in Martin, plaintiff KTCU had no reason to *493 question defendant’s false debt certification in light of her previous financial dealings with plaintiff. Her employment record with the Knoxville school system, coupled with her certification on the loan application that she would continue that employment, favorably credited her disclosure certification. Plaintiffs action in approving and disbursing the loan to defendant based on her application reflected actual reliance upon her representations, albeit false, which was reasonable under the circumstances. Accordingly, this court concludes that the determination of the bankruptcy court as affirmed by the district court, that plaintiff did not reasonably rely on defendant’s false financial statement, was clearly erroneous.
Based upon the foregoing, the judgment of the district court is REVERSED and the case REMANDED to the district court with instructions to REMAND the matter to the bankruptcy court for entry of judgment in favor of plaintiff on the basis that the instant debt was not properly dischargea-ble in bankruptcy.

. The Seventh Circuit has applied similar reasoning. See, e.g., In re Kimzey, 761 F.2d 421, 424 (7th Cir.1985); In re Matera, 592 F.2d 378, 380 (7th Cir.1979).

. The Seventh Circuit in Gorman expounded on the role of the reasonable reliance element in the context of § 523(a)(2)'s predecessor, § 17(a)(2):
Although some of the mentioned cases do, in fact, refer to "reasonable" or justifiable reliance as a requirement under § 17(a)(2), they do not require the court, as was done in the present case, to undertake a subjective evaluation and judgment of a creditor’s lending policy and practices. These cases simply stand for the proposition that reasonableness is circumstantial evidence of actual reliance; that is, dischargeability shall not be denied where a creditor’s claimed “reliance” on a "financial statement" would be so unreasonable as not to be actual reliance at all.
******
[I]t is not the court’s duty under § 17(a)(2) to second guess a creditor’s decision to make a loan or to set loan policy for the creditor.
******
The present issue for the court is simply whether the bankrupt obtained credit, or a renewal, through the creditor’s reliance on a materially false financial statement containing information apparently sufficient to obtain an accurate picture of the debtor’s financial condition with regard to a reasonable decisional factor in the loan decision, filed by the debtor with the intent to deceive the creditor. The creditor need establish only its reliance in fact, although its claims to reliance cannot be so unreasonable as to defeat a finding of reliance in fact. Given this reliance, the court, with the benefit of hindsight, should not base its decision regarding discharge on whether it would have extended the loan.
643 F.2d at 1256, 1258 (emphasis in original). See also In re Kreps, 700 F.2d 372, 375-76 (7th Cir.1983).