PER CURIAM.
Upon the filing of a voluntary petition in bankruptcy by defendants-appellees George and Helen Phillips, plaintiffs-appellants John and Violet Coman instituted this action to have the Phillips’ debt to them of $17,500.00 declared nondischargeable under 11 U.S.C. § 523(a)(2). The Comans now appeal from the district court’s judgment affirming the bankruptcy court’s decision that the debt was dischargeable. For reasons set forth below, we reverse the judgment of the district court.
John Coman had known George Phillips for twenty-five years at the time the debt arose in January 1981. The Comans had also visited the Phillips’ farm annually to attend functions organized by a church group to which they both belonged. Phillips asked Coman for a loan for his grinding business located on the farm. Coman told Phillips that he would loan money only if it would be well secured and repaid within one year. Phillips gave Coman a mortgage on his farm which was valued at approximately $2,000 per acre. Coman requested the Phillips’ deed so that he could prepare the mortgage instrument. Phillips gave Coman the original deed which described the property as including 117 acres. Phillips did not tell Coman that he had conveyed away all but 47 acres through eight separate transactions. Moreover, the 47 acres were encumbered by a first mortgage of $67,890 held by the Federal Land Bank and a second mortgage of $25,209 held by the Production Credit Association of Medina. Although Coman was a vice-president for special claims at a bank and a nonpracticing attorney, he did not conduct a title search due to his long personal relationship with the Phillips. He also testified that he would not have extended the loan had he known the truth.
At trial both George and Helen Phillips testified that they understood the purpose of the mortgage deed. George Phillips also testified that he was aware that Co-man knew that the farm had 117 acres at one time; he never told Coman about the land sales and reduced acreage. Phillips testified that homes had been built on the property sold and that those homes were visible from his property. He also noted that no new roads were built for the houses, and that he never had more than fifty acres under cultivation at any one time. Finally, Phillips admitted that around October 26, 1980, he executed a personal financial statement to a financial institution indicating more accurately that he owned a fifty-acre farm.
The bankruptcy court stated that in order to prevail on their claim, the Comans had to establish that they reasonably relied on the Phillips’ false representations. The bankruptcy court found that the Comans’ reliance on the deed description alone was unreasonable and that they had been remiss in not investigating the property description further. The issue on appeal is whether the bankruptcy court erred in holding the Comans to this standard of reasonableness, and whether on these facts the reliance was unreasonable.
*932 11 Ú.S.C. § 523(a)(2)(A)[1] provides:
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt— ...
(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s or an insider’s financial condition____
It is established that in order to except a debt from discharge under § 523(a)(2)(A) the creditor must prove that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor’s intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of loss. In re Kimzey, 761 F.2d 421, 423 (7th Cir.1985); In re Hagedorn, 25 B.R. 666, 668 (Bankr. S.D.Ohio 1982); 3 Collier on Bankruptcy 11523.08[4] (15th ed. 1985). A creditor seeking an exception from discharge under § 523(a)(2) must sustain this burden by clear and convincing evidence. Knoxville Teachers Credit Union v. Parkey, 790 F.2d 490, 491 (6th Cir. 1986). On appeal, this court must accept the bankruptcy court’s findings of fact unless they are clearly erroneous, id., although we are not so limited in our review of questions of law.
The precise contours and meaning of reasonable reliance under § 523(a)(2)(A) have been less than clear. This is due to the legislative history of § 523(a)(2) which states in relevant part:
[U]nder section 523(a)(2)(A) a creditor must prove that the debt was obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s or an insider’s financial condition. Subparagraph (A) is intended to codify current case law e.g., Neal v. Clark, 95 U.S. [5 Otto] 704 [24 L.Ed. 586] (1887), which interprets “fraud” to mean actual or positive fraud rather than fraud implied in law. Sub-paragraph (A) is mutually exclusive from subparagraph (B). Subparagraph (B) pertains to the so-called false financial statement. In order for the debt to be nondischargeable, the creditor must prove that the debt was obtained by the use of a statement in writing (i) that is materially false; (ii) respecting the debt- or’s or an insider’s financial condition; (iii) on which the creditor to whom the debtor is liable for obtaining money, property, services, or credit reasonably relied; (iv) that the debtor caused to be made or published with intent to deceive.
1978 U.S. Code Cong. & Ad. News 5787, 6453.
Because subparagraph (A) and (B) are deemed mutually exclusive and because (A) fails to make reasonable reliance an explicit requirement, unlike (B), some courts have adopted the view that reasonable reliance should not be required under § 523(a)(2)(A). See, e.g., In re Sobel, 37 B.R. 780, 785-86 (Bankr. E.D.N.Y.1984); In re Fosco, 14 B.R. 918, 921-23 (Bankr.D.Conn. 1981). This was a primary argument made by the Comans in this case. On the other hand, other courts have required rigorous proof of reasonable reliance on the theory that the Bankruptcy Act’s goal of giving debtors a “fresh start” outweighs the rights of creditors who act unreasonably. See, e.g., In re Newmark, 20 B.R. 842, 861-62 (Bankr. E.D.N.Y.1982). Yet a third category of cases recognizes reasonable reliance, but asserts that “reasonableness is circumstantial evidence of actual reliance; that is, dischargeability shall not be denied where a creditor’s claimed ‘reliance’ ... would be so unreasonable as not to be actual reliance at all.” In re Garman, 643 F.2d 1252, 1256 (7th Cir.1980), cert. denied, 450 U.S. *933 910, 101 S.Ct. 1347, 67 L.Ed.2d 333 (1981); accord In re Firestone, 26 B.R. 706, 718-19 (Bankr. S.D.Fla.1982). In cases involving § 523(a)(2)(B), this circuit has adopted the reasoning of Garman. See Parkey, 790 F.2d at 492-93; In re Martin, 761 F.2d 1163, 1166 (6th Cir.1985).
We believe that the critical factor in evaluating cases involving the issue of reasonable reliance under § 523(a)(2)(A) is to accord “a construction of the [Bankruptcy Act that] is consonant with equity, and consistent with the object and intention of Congress in enacting a general law by which the honest citizen may be relieved from the burden of hopeless insolvency” (emphasis added). Neal, 95 U.S. at 709. In this connection we also find persuasive the reasoning in Martin that “[t]he reasonableness requirement was intended to incorporate prior case law into the current Bankruptcy Act____ As such, it cannot be said to be a rigorous requirement, but rather is directed at creditors acting in bad faith.” 761 F.2d at 1166. See Parkey, 790 F.2d at 492-93. The determination of reasonableness must be made by evaluating all the facts and circumstances of the case. Martin, 761 F.2d at 1166. Although Martin deals with § 523(a)(2)(B), we believe these principles apply with equal force to § 523(a)(2)(A).
In finding that the Comans did not reasonably rely on the false representation of acreage in the deed, both the bankruptcy court and district court relied principally on cases which involved the negligence of commercial lending institutions or title companies in failing to investigate “red flags” which indicated that the debtor’s representations were not accurate. See, e.g., In re Kisich, 28 B.R. 401 (9th Cir.1983) (title company failed to discover tax lien in a title search); In re Weinstein, 31 B.R. 804 (Bankr. E.D.N.Y.1983) (involving the reliance of a lending company on debtor’s representations); In re Misjak, 26 B.R. 914 (Bankr. W.D.Wis.1983) (plaintiff-creditor Amoco Oil Co. unreasonably relied on station owner’s calculations of gas sales); Newmark, supra (large commercial bank’s reliance). However, such cases involving commercial lenders are inapposite to this situation which involves a personal loan between individuals with a 25-year relationship. A review of the case law indicates that evidence of friendship or a close personal relationship weighs heavily in favor of finding reasonable reliance. See Carini v. Matera, 592 F.2d 378, 381 (7th Cir.1979); Sobel, 37 B.R. at 785; In re Hosking, 19 B.R. 891, 896 (Bankr. W.D. Wis.1982); accord Garman, 643 F.2d at 1259. The bankruptcy court and district court held the Comans to an overly stringent legal standard of “reasonableness,” which did not take into account the facts that the Comans had known the Phillips for 25 years principally in connection with church-related activities and that the Co-mans had been given no cause to distrust the Phillips’ representation. Moreover, the supposed “red flag” of home construction on some of the Phillips’ former property was really nothing more than a “red herring” in the absence of any testimony indicating that Coman knew the original perimeters of Phillips’ acreage or had observed these homes, and in view of testimony indicating that no new roads were built to these homes and that Phillips had never cultivated all of his land. On the facts of this case the Comans’ reliance was reasonable.
The bankruptcy court, as affirmed by the district court, having found the element of reasonable reliance lacking, did not consider the other elements necessary for nondischargeability under § 523(a)(2)(A). Because the relevant facts are not seriously disputed and readily satisfy the elements for nondischargeability, we conclude that the interests of judicial economy will be best served by prescribing a course of action similar to that decreed by the Seventh Circuit in Garman, supra, and reverse judgment and remand the case for entry of a judgment in favor of the Comans. In doing so, we note the Phillips’ admission that they understood the purpose of a mortgage deed and that they knew the deed description was inaccurate. On these *934 facts, it can be inferred that the Phillips knowingly made a materially false representation. At a minimum this misrepresentation was made with gross recklessness as to its truth and with the knowledge that it would induce the Comans to make the loan; this fulfills the necessary element of intent to deceive. See Martin, 761 F.2d at 1167. The record also shows Coman’s uncontradicted testimony that he relied on the false representation in making the loan and would not have made the loan if the truth had been known.
Accordingly, the judgment of the district court is reversed and the case is remanded to the district court with instructions to remand the case to the bankruptcy court for entry of judgment in favor of the Co-mans on the ground that in the circumstances disclosed by this record the Phillips’ debt was not properly dischargeable in bankruptcy.

. Although the Comans did not specify whether they based their complaint on § 523(a)(2)(A) or § 523(a)(2)(B), we agree with the bankruptcy court and district court that § 523(a)(2)(B), which applies only to false written statements regarding the debtor’s financial condition, would not apply to a deed.