39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Thomas Norman BROCK and Kathleen Brock, Debtors.
GLEN EAGLE MARKETING, INC., Plaintiff-Appellant,
v.
Thomas Norman BROCK and Kathleen Brock, d/b/a Glen Eagle
Lodge, Defendants-Appellees.
 No. 93-6297.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1994.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Glen Eagle Marketing, Inc. ("Glen Eagle"), appeals from an August 24, 1993 order of the United States District Court for the Eastern District of Tennessee affirming the January 10, 1992 order of the United States Bankruptcy Court Eastern District of Tennessee in favor of Thomas Norman Brock and Kathleen Brock. For the reasons set forth below, we AFFIRM.
 
 I. Statement of the Case
 
 2
 This case involves the discharge of a debt under chapter 11 of the Bankruptcy Code. 11 U.S.C. Sec. 523(a)(2)(B). Glen Eagle owned a motel called the Glen Eagle Lodge (the "Motel"). Glen Eagle sought to sell the Motel through a real estate broker, Raymond Holloway ("Holloway"). Holloway had previously conducted business with the defendant, Thomas Norman Brock ("Brock"), and when Brock inquired about purchasing a small motel, Holloway suggested the Motel.
 
 
 3
 After some preliminary discussion, Brock and his then fiancee Kathleen Sizemore now wife Kathleen Brock ("Mrs. Brock," together the "Brocks"), made an offer to purchase the Motel for $600,000. In response to the offer, Glen Eagle requested a financial statement from the Brocks. After reviewing the financial statement Glen Eagle made a counter-offer to enter into a lease-purchase agreement. Glen Eagle was unable to sell the property outright because the Motel was encumbered by an underlying debt obligation. The Brocks agreed to the lease-purchase agreement, which called for monthly payments of $5,452.23 until the underlying debt was paid and then required the Brocks to purchase the Motel. In late January 1988, the Brocks took possession of the Motel.
 
 
 4
 During the next four months, the Brocks made only one partial rental payment. At the time the Brocks took possession of the Motel only 26 of 52 rooms were rentable. During the four month period the Brocks operated the Motel they suffered a water main break, a threat from the electric company that service would be shut off if the prior debt of Glen Eagle was not paid, and a theft of some 10 to 12 television sets. In May 1988, the Brocks abandoned the Motel.
 
 
 5
 Shortly thereafter the Motel was foreclosed upon and Glen Eagle filed for bankruptcy. The bankruptcy trustee abandoned any claim Glen Eagle may have had against the Brocks.
 
 
 6
 Glen Eagle decided to pursue a claim against the Brocks for breach of the lease-purchase agreement.
 
 
 7
 On January 30, 1989, while the contract claim against them was pending in state court, the Brocks filed a petition for relief under Chapter 7 of the Bankruptcy Code. Glen Eagle brought this action in bankruptcy court alleging (1) the Brocks' debt should not be discharged because they filed a false financial statement with the intent to deceive Glen Eagle in violation of 11 U.S.C. Sec. 523(a)(2); (2) Kathleen Brock was a partner of Thomas N. Brock; and (3) the debt of Thomas Brock should be imputed to Kathleen Brock and deemed non-dischargeable. The breach of contract claim was stayed and remains pending in state chancery court.
 
 
 8
 This action was tried before the Honorable Ralph H. Kelley, Bankruptcy Judge, on August 20, 1991. The trial judge dictated a memorandum opinion from the bench, and subsequently entered an order determining that Brock's debt to Glen Eagle is dischargeable. Glen Eagle timely appealed to the United States District Court for the Eastern District of Tennessee, Southern Division.
 
 
 9
 The district court affirmed the decision of the bankruptcy court. This timely appeal followed.
 
 II. Discussion
 A. Standard of Review
 
 10
 The bankruptcy court makes initial findings of fact and conclusions of law. The district court and this court are bound by the bankruptcy court's findings of fact unless they are clearly erroneous. In Re Batie, 995 F.2d 85, 88 (6th Cir.1993). The district court reviews the bankruptcy court's conclusions of law de novo, and this court reviews the district court's conclusions of law de novo. Id.
 
 B. 11 U.S.C. Sec. 523(a)(2)(B)
 
 11
 Glen Eagle argued the Brocks knowingly or with gross recklessness supplied it with a false financial statement on which it relied to consummate the lease-purchase. The action of the Brocks allegedly violated Sec. 523(a)(2) of the Bankruptcy Code, which, if true, would have invalidated the discharge of their debt to Glen Eagle.
 
 
 12
 Section 523(a)(2) of the Bankruptcy Code provides
 
 
 13
 A discharge under ... this title does not discharge an individual debtor from any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ...
 
 
 14
 (B) use of a statement in writing--
 
 
 15
 (i) that is materially false;
 
 
 16
 (ii) respecting the debtor's or an insider's financial condition;
 
 
 17
 (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
 
 
 18
 (iv) that the debtor caused to be made or published with intent to deceive....
 
 
 19
 Item (iv) in Section 523(a)(2)(B) is at issue in this case. The party seeking an exception from discharge in bankruptcy under Sec. 523(a)(2) has the burden of proof by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991).
 
 
 20
 In the bankruptcy court proceeding, Glen Eagle presented evidence that the Brocks submitted a fraudulent financial statement. The financial statement included as an asset a house and lot, valued at $55,000, which did not belong to Brock. Brock admitted, although the house belonged to him at one time, it has belonged to his former wife since 1980 pursuant to their divorce settlement.
 
 
 21
 Brock claimed he had no intention of deceiving Glen Eagle and further asserted the financial statement was prepared by Holloway and was not complete at the time it was signed by Brock. Glen Eagle argued the applicable standard is whether there was an intent to deceive or whether the party acted with gross recklessness. See Knoxville Teachers Credit Union v. Parkey, 790 F.2d 490, 491 (6th Cir.1985). Glen Eagle asserted Brock's intent was irrelevant, his conduct in signing the incomplete financial statement constituted gross recklessness, conduct thereby satisfying the standard established in Parkey. Gross recklessness occurs when a financial statement is prepared by a third party and the statement is signed without the debtor reading it. In Re Archer, 55 B.R. 174, 179 (Bankr.M.D.Ga.1985).
 
 
 22
 In support of his argument that he did not intend to deceive Glen Eagle, Brock testified he told Holloway not to include the house on his financial statement, and further, at the time he signed the statement it did not include the house. Additionally, Holloway testified that when Brock became aware the house was included on the financial statement he became upset and chided Holloway for this inaccuracy. Glen Eagle argued this testimony is insufficient to overcome other evidence indicating that Brock was aware of the contents of the statement or acted with such gross recklessness as to constitute the intent to deceive.
 
 
 23
 The bankruptcy court determined in its findings of fact that the financial statement was Holloway's work product; the statement was prepared well before the purchase of the Motel was ever considered; and Holloway knew the house no longer belonged to Brock. Based on the foregoing information the bankruptcy court held Brock neither intended to deceive Glen Eagle, nor acted with gross recklessness by signing the financial statement.
 
 
 24
 After a review of the record we find there is sufficient evidence to support the findings of the bankruptcy court. Accordingly, we find no error warranting reversal. In light of our determination that the debt of Thomas N. Brock was properly discharged there is no need to address appellant's additional arguments.
 
 III. Conclusion
 
 25
 For the foregoing reasons, we AFFIRM the decision rendered by the Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee.